# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

In re  **Brian Keith Ard** _____

_____
Debtor(s)

Case No. _16-01874_

Chapter  **13**

## NOTICE, CHAPTER 13 PLAN, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 13 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 13 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance and consent to the relief requested in this document.**

A.    ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Court's form plan (See exhibits to SC LBR 3015-1 and 3015-2, "SC LBR" refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

B.    DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is served. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

A.    Nonpossessory, Nonpurchase-Money Lien: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in ~~household goods~~ *(1) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor, (2) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor, and/or (3) professionally prescribed health aids for the debtor or a dependent of the debtor.:* **Not Applicable**

B.    Judicial Lien: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2] **Not Applicable**

C.    Valuation of Security: The debtor moves, pursuant to 11 U.S.C. § 506, to establish the value of a lien as follows: **Not Applicable**

D.    Assumption or Rejection of Executory Contract/Unexpired Lease: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected:

| Name of creditor and lease or contract to be assumed | Amount of regular payment ($) | Estimated amount of default (state if none) ($) | Cure provisions for any default paid by ~~(debtor or trustee)~~ *without interest ($)/month* | Regular payments to be paid by debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| Aaron's ***5788 | 75 | 225 | 38 | May 2016 |

## III.  THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

A.    Payments from the debtor to the chapter 13 trustee (the "trustee"): The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of $ **805** per month, for a period of **60** months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

B.    Payments from the debtor directly to creditors: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

C.    *Pay order request: **Full pay order on first Debtor.***

## IV.  PLAN DISTRIBUTIONS TO CREDITORS.
To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A.    Attorney for the debtor:

1.    The debtor and the debtor's attorney have agreed to an attorney's fee in the amount of $ **3,500** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $ **292** was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and prepetition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

2.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $ _____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

B.    Secured Creditor Claims: The plan treats secured claims as follows:

1.    General Provisions: The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

2.    Long-term or mortgage debt. No default: **Not Applicable**

3.    Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5):

a.    Arrearage payments. **Not Applicable**

b.    Maintenance of regular non-arrearage payments: **Not Applicable**

4.    Secured portion of claims altered by valuation and lien avoidance: **Not Applicable**

5.    Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien):

The trustee shall pay **Southland Memorial Gardens \*\*\*0976** the sum of $ **66** or more per month, along with **5.25** % interest until the allowed secured claim is paid in full.

The trustee shall pay **Springleaf Financial \*\*\*1772** the sum of $ **60** or more per month, along with **5.25** % interest until the allowed secured claim is paid in full.

6.    Surrender of property:

The debtor will surrender the following property upon confirmation of the plan:

### Headwaters Financial \*\*\*8242 - All collateral

### PennyMac Loan Services \*\*\*6550 - All collateral

### Suntrust Bank \*\*\*2775 - All collateral

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

The order confirming plan shall terminate the automatic stay as to that property. Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

7.    Secured tax debt: **Not Applicable**

8.    *Special secured debts.* **Not Applicable**

C.    Priority Creditors: Priority claims shall be paid as follows:

    1.    Domestic Support Claims. 11 U.S.C. § 507(a)(1):

        a.    Pre-petition arrearages. **Not Applicable**

        b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

        c.    Any party entitled to collect child support or alimony under applicable nonbankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

    2.    Other Priority debt. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis.

    D.    Executory Contracts and Unexpired Leases: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments ~~of the sum of $ (payment amount) or more per month~~ by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

    E.    General Unsecured Creditors: General unsecured creditors shall be paid allowed claims pro rata by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor **does not** propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION**: Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

4-15-16
_____
Date

*Brian Ard*
_____
**Brian Keith Ard**

_____
Edward L. Bailey, Attorney at Law
251 South Pine Street
Spartanburg, South Carolina 29302
District Court I.D. No. 1153

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

In re    __Brian Keith Ard_____    Case No.    _16-01874_____

_____    Chapter    **13**
Debtor(s)

## CERTIFICATE OF SERVICE

ALL CREDITOR(S) scheduled in the pending bankruptcy case and other parties in interest entitled to notice were served with the NOTICE, CHAPTER 13 PLAN, MOTIONS etc. by mailing a copy of the same on the date below, first class mail, postage paid, to them at the addresses appearing on the attached mailing matrix, unless indicated otherwise immediately below.

__4/15/16_____

Date of Service

Edward L. Bailey, Attorney at Law
251 South Pine Street
Spartanburg, South Carolina 29302
(864) 582-3733

**THE TRUSTEE** was served with the NOTICE, CHAPTER 13 PLAN, MOTIONS etc. by filing a copy of the same, electronically through CM/ECF.

Edward L. Bailey, Attorney at Law
251 South Pine Street
Spartanburg, South Carolina 29302
District Court I.D. No. 1153

AARON'S
404 MCCRAVY DR.
SPARTANBURG SC 29303


ALLY FINANCIAL
200 RENAISSANCE CTR
DETROIT MI 48243


BANK OF AMERICA
PO BOX 15019
WILMINGTON DE 19850


BELKS
PO BOX 960012
ORLANDO FL 32896


BK OF AMER
4060 OGLETOWN/STANTON RD
NEWARK DE 19713


BK OF AMERICA
PO BOX 982235
EL PASO TX 79998


CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130


CAPITAL ONE BANK USA N
15000 CAPITAL ONE DR
RICHMOND VA 23238


CARE CREDIT/SYNCHRONY
777 LONG RIDGE RD.
STAMFORD CT 06902


EDWARD L. BAILEY
251 SOUTH PINE STREET
SPARTANBURG SC 29302


FINGER HUT
PO BOX 166
NEWARK NJ 07101

HEADWATERS FINANCIAL C
11180 ALPHARETTA HWY
ROSWELL GA 30076


KOHL'S
PO BOX 2983
MILWAUKEE WI 53201


KOHLS/CAPONE
N56 W 17000 RIDGEWOOD DR
MENOMONEE FALLS WI 53051


PENNYMAC LOAN SERVICES
6101 CONDOR DRIVE
MOORPARK CA 93065


PENNYMAC LOAN SERVICES
C/O ROGERS TOWNSEND & THOMAS
PO BOX 100200
COLUMBIA SC 29202


PORTFOLIO RC
120 CORPORATE BLVD STE 1
NORFOLK VA 23502


PORTFOLIO RECOVERY ASS
120 CORPORATE BLVD STE 1
NORFOLK VA 23502


SC DEPT OF REVENUE*
PO BOX 12265
COLUMBIA SC 29211


SHEFFIELD FINANCIAL CO
PO BOX 1704
CLEMMONS NC 27012


SHEFFIELD FINANCIAL CO
PO BOX 1847
WILSON NC 27894


SOUTHLAND MEMORIAL GARDENS
700 W. DUNBAR RD.
COLUMBIA SC 29210

SPARTANBURG MEDICAL CENTER
PO BOX 277723
ATLANTA GA 30384


SPRINGLEAF FINANCIAL S
3720 BOILING SPRINGS RD., STE. K
BOILING SPRINGS SC 29316


SUNTRUST BANK
1001 SEMMES AVE.
RICHMOND VA 23224


SWISS COLONY CREDIT
1112 7TH AVE.
MONROE WI 53566


SYNCB/BELK
PO BOX 965028
ORLANDO FL 32896


SYNCB/CARE CREDIT
C/O PO BOX 965036
ORLANDO FL 32896


WEBBANK/FINGERHUT
6250 RIDGEWOOD RD
SAINT CLOUD MN 56303